CONSOLIDATED RUBBER TIRE CO. et al. v. FINLEY RUBBER TIRE
CO. et al.

(Circuit Court, N. D. Georgia. October 10, 1902.)

No. 1,101.

1. PATENTS — INFRINGEMENT — TRIAL — SUPPLEMENTAL PLEADINGS—RES JUDI-
   CATA.

Where, in a suit for infringement of a patent, against the seller of the
patented articles, the manufacturer was permitted to intervene for the
purpose of defending the action on the ground that defendant had ceased
to sell its manufactured goods, and the bond given by him to prevent a
preliminary injunction had probably become ineffective, and a decision
was rendered holding that the original defendant was estopped to ques-
tion the validity of the patent as against the plaintiff, the estoppel oper-
ating between defendant and the complainant controls the litigation, so
that the manufacturer would not be entitled to file a supplemental answer
setting up a decision of the circuit court of appeals holding the patent
void as res judicata.

In Equity. Application to file supplemental answer.

Staley & Bowman, Hoke Smith, and H. C. Peeples, for complain-
ants.

H. A. Toulmin and Edmund Wetmore, for defendants.

NEWMAN, District Judge. The conclusions reached by the court
in this case are fully set out in an opinion filed on June 2, 1902 (116
Fed. 629). Since that time an application has been made for leave to
file a supplemental answer setting up the decision of the circuit court
of appeals for the Sixth circuit in the case of Goodyear Tire & Rubber
Co. v. Rubber Tire Wheel Co., 116 Fed. 363, as res adjudicata. I do
not believe that the effect of making the Goodyear Tire & Rubber
Company a party to this case was to enlarge the scope of the original
litigation. The Goodyear Tire & Rubber Company only became a
party to represent Samuel Everett Finley and the Finley Rubber Tire
Company. The petition of the Goodyear Tire & Rubber Company to
be made a party showed that Finley had ceased to sell its tires, and that
the bond given by him, in pursuance of the order of the court, to pre-
vent a preliminary injunction, had probably become ineffective, and it
therefore desired to become a party for the purpose of carrying on the
defense of the case. The issue here was as to the right of Finley and
the Finley Rubber Tire Company to sell the tires he was making and
selling in the territory embraced in his contract with the Rubber Tire
Wheel Company, and which passed from him, by successive convey-
ances, to the Munford Rubber Tire Company; and, the infringement
being clear, the estoppel operating between Finley and the complain-
ants controls this litigation.

The application for leave to file the supplemental answer is denied.
After considering the forms of decree handed me by the respective
counsel, I have this day entered what I consider a proper decree in the
case.

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C.
C. A. 595.